# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| BARBARA WILBON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) CIVIL ACTION NO.: | |
| ) 1:25-cv-00098-WLS | |
| SUNBELT MODULAR, INC.; ) | |
| ) | |
| SOUTHEAST MODULAR MFG., ) | |
| ELLAVILLE d/b/a PROMOD ) | |
| MANUFACTURING ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject

to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection

under this Order in accordance with their designation. The designation CONFIDENTIAL does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

### 3. Subject Matter That May Be Designated

**(a) Documents That May be Designated CONFIDENTIAL.** As used in this Order, "Confidential Information" means information designated a "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. All parties agree that the designation of material as confidential shall be made by a party only after a bona fide determination that the material is, in fat, a trade secret or other confidential, privileged, commercial, personal identifying, or otherwise non-public information.

**4. Depositions.** Deposition testimony is protected by this Order if, (1) such designation is made on the record during the deposition; or (2) within fifteen (15)

days of the receipt of the transcript, a designating party provides notice, in writing, to all parties identifying the specific portions of the transcript that are designated CONFIDENTIAL, and that designation is still subject to the same challenge process provided herein.

**5. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(6) of this subparagraph (b). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order.

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in "Attachment A", Acknowledgment of Understanding and Agreement to Be Bound;

**(5) Fact witnesses,** when confidential information is disclosed during the course of a deposition or at any litigation proceeding in this case; and

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in "Attachment A", Acknowledgment of Understanding and Agreement to Be Bound, and provide a copy of same to the producing party and permit the producing party to object within five (5) business days before disclosing CONFIDENTIAL material to such person. If the parties cannot resolve a dispute, the producing party bears the burden to seek protection from the Court.

Until the dispute is resolved, no CONFIDENTIAL material shall be disclosed to such person.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL shall be returned immediately after it becomes known to the receiving party that the document was inadvertently produced based upon how the document appears on its face or upon notice of the inadvertent production within fifteen (15) days of such production. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 shall apply.

**6. Filing of CONFIDENTIAL Documents Under Seal.** This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as CONFIDENTIAL in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.4.

**7. Challenges by a Party to Designation as Confidential.** Any designation of CONFIDENTIAL is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing in Court any motions or objections to a confidentiality designation, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation of CONFIDENTIAL as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**8. Action by the Court.** Applications to the Court for an order relating to any

documents designated CONFIDENTIAL shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial or by the deadline set by the pretrial order or any other order of the Court, by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter issue any order necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not

subject to further appeal.

**(b) Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered

at trial under seal or otherwise restricted by the Court as to disclosure.

**11. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

Dated: 12/22/2025

W. LOUIS SANDS, SR. JUDGE
United States District Court

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| BARBARA WILBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| SUNBELT MODULAR, INC.; | ) 1:25-cv-00098-WLS |
| | ) |
| SOUTHEAST MODULAR MFG., | ) |
| ELLAVILLE d/b/a PROMOD | ) |
| MANUFACTURING | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ACKNOWLEDGMENT OF UNDERSTANDING
### AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2025, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Georgia in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived

directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____     _____
                                                                           Signature