**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **BARBARA WILBON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUNBELT MODULAR INC. and SOUTHEAST MODULAR MFG ELLAVILLE** *d/b/a* **PROMOD MANUFACTURING,**<br><br>**Defendants.** | : | **CASE NO: 1:25-cv-98–WLS** |

## ORDER

Before the Court is the Joint Motion for Status Conference and to Extend Discovery (Doc. 34) ("Motion to Extend") filed July 21, 2026. As previously noted, the Parties agree on the need for a status conference but disagree on what type of discovery extension is necessary. (*See* Order Doc. 35). The Court scheduled an in-person status conference for August 20, 2026. (Docket Entry July 30, 2026). On August 18, 2026, the Court entered an Order (Doc. 37) denying the Parties' motion (Doc. 36) to hold the status conference via remote video. However, in lieu of attending an in-person status conference, the Court permitted the Parties to brief the issues in the Motion to Extend. The Court further advised the Parties that it is particularly interested in any limitations or prohibitions resulting from the referenced pending bankruptcy proceeding. (*Id.*). The status conference was suspended pending the Parties' responses.

Defendants Sunbelt Modular, Inc. and Southeast Modular Mfg. Ellaville d/b/a Promod Manufacturing (collectively, "Defendants") filed their response (Doc. 38) to the August 18, 2026 Order and the Plaintiff filed her response (Doc. 39) to the Order and to Defendants' response on August 24, 2026.

The Parties' main disagreement is if discovery should be bifurcated so the issue of whether Plaintiff's bankruptcy precludes her claims in this case due to judicial estoppel should

be resolved prior to the Parties engaging in substantial discovery on the merits of Plaintiff's claims.

Upon review of the Motion to Extend, the Parties' responses, and the Record in this matter, the Court finds that discovery should be bifurcated. Accordingly, the Joint Motion for Status Conference and to Extend Discovery (Doc. 34) is **GRANTED IN PART** and **DENIED IN PART**. The Discovery/Scheduling Order (Doc. 28) is amended as follows:

1) Discovery in this case will be bifurcated into two phases:

   a. Phase 1 for discovery on judicial estoppel issues directed to Plaintiff's bankruptcy filings and disclosures, the chronology of Plaintiff's employment claim, communications, and facts bearing on the *Slater*[1] intent inquiry, including deposition of Plaintiff[2] and any other individuals from which either Party intends to elicit testimony to support their respective positions as to the applicability of judicial estoppel to Plaintiff's claims.

   b. Phase 2 discovery, if necessary, for discovery on the merits of Plaintiff's claims, damages, and any other remaining issues.

   c. To avoid multiple depositions of the same witness and for efficiency and a reduction in costs, if the testimony of a witness involves information relevant to both phases of discovery and if the Parties agree, the witness may be examined on all pertinent topics in one deposition.

   d. Phase 1 of discovery is open. Phase 2 of discovery, except as stated herein, has not begun.

2) Phase 1 discovery will be completed by **Wednesday, December 16, 2026**, unless extended by the Court for good cause shown upon timely written motion by either Party.

---

[1] *Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017) (en banc) (finding district courts must consider all facts and circumstances to determine whether a debtor who fails to disclose a civil claim in bankruptcy should be judicially estopped from asserting the claim).

[2] As the Parties have noted in the Motion to Extend and in their respective filings, the Plaintiff's medical condition shall be taken into consideration in scheduling the date and time of such deposition and may be taken in parts, if necessary.

3) Unless Phase 1 discovery is extended, all motions relating to judicial estoppel must be filed no later than **Friday, January 15, 2027**. In the event Phase 1 discovery is extended, all motions relating to judicial estoppel must be filed no later than thirty (30) days after the close of any extended Phase 1 discovery period.

4) If necessary, Phase 2 of discovery will open on the latest of (a) **Tuesday, January 19, 2027**, if no dispositive motions relating to judicial estoppel are filed, or (b) the day the Court rules upon dispositive motions pertaining to judicial estoppel.

5) In the event Phase 2 discovery opens, the Parties are directed to submit, within seven (7) days of the opening of Phase 2 discovery an Amended Proposed Discovery Schedule setting forth proposed remaining case deadlines.

6) All remaining terms of the Court's Discovery/Scheduling Order (Doc. 28) shall remain in effect.

It is further **ORDERED** that on or before **Wednesday, October 7, 2026**, Plaintiff shall respond to Defendants' written discovery requests that were served on Plaintiff on December 10, 2025.

**SO ORDERED**, this 16th day of September 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**